UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MELODY CALLANTINE, on behalf of herself, her minor children K.C. and L.C., and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>4E BRANDS NORTH AMERICA, LLC,<br><br>Defendant. | Case No.: 3:20-cv-00801 |

### NOTICE OF REMOVAL

1. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant 4e Brands North America, LLC ("4e Brands" or "the Company") hereby removes this putative class action, pending as 71D05-2008-CT-000283 in the Superior Court for St. Joseph County in Indiana (the "State Court Action" or the "Action"), to the United States District Court for the Northern District of Indiana, South Bend Division.

2. The U.S. Supreme Court recently affirmed that a defendant needs only to plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(a)).

3. As more fully set forth below, the State Court Action is properly removed to this Court because: (i) the Action is pending in the Superior Court for St. Joseph County, which is

4848-8544-9163.1

within the Northern District of Indiana, South Bend Division, 28 U.S.C. § 94(a)(2); (ii) the Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d); and (iii) each of the procedural requirements for removal set forth in 28 U.S.C § 1446 are satisfied.

## I.   BACKGROUND

4. On or about August 11, 2020, Plaintiff Melody Callantine ("Plaintiff") filed the State Court Action on behalf of herself, her two minor children, and a purported class of Indiana residents. A true and correct copy of the Complaint in the State Court Action is attached as **Exhibit A** ("Ex. A") hereto. 4e Brands was served with a copy of the Complaint on August 24, 2020.

5. 4e Brands sells Blumen Hand Sanitizer (the "Product"). Compl. (Ex. A) ¶ 8.

6. On or about July 16, 2020, 4e Brand voluntarily recalled the Product. *Id.* ¶¶ 13, 15–16.

7. Plaintiff alleges that her children suffered "severe side effects, including headaches and vomiting" after using the Product, which she purchased in July 2020 at a Costco Wholesale store in Mishawaka, Indiana. *Id.* ¶¶ 11–12. Plaintiff further alleges that the Product was "sold to consumers throughout the state of Indiana . . . ." *Id.* ¶ 17.

8. Plaintiff asserts three putative class claims. First, she asserts a Count for "Defective Product" (Count I) under the Indiana Products Liability Act, Ind. Code § 34-20-2-1. *Id.* ¶¶ 19–26. Second, she asserts a Count for "Failure to Warn" under the Indiana Products Liability Act, Ind. Code § 34-20-4-2. *Id.* ¶¶ 27–31. Finally, she asserts a Count for violation of the Indiana Deceptive Consumer Sales Act, Ind. Code ¶ 24-5-0.5. *Id.* ¶¶ 32–42.

9. Plaintiff seeks to represent a class under Ind. R. Trial P. 23, consisting of "(a) all Indiana residents, (b) who, within two years of the filing of this action, (c) purchased any type of Blumen Hand Sanitizer, (d) placed into the stream of commerce by 4e Brands or its affiliates or related companies, (e) that contained methanol as an active ingredient." *Id.* ¶ 44.

10. Plaintiff seeks declaratory relief, actual and statutory damages, including treble damages, attorneys' fees, and any other "just and proper relief." *See, e.g.*, *id.* ¶¶ 42, 51. Plaintiff also seeks a declaration that "the practices of 4e Brands are unlawful and violate the Indiana Deceptive Practices Act." *Id.* ¶ 42. She also seeks statutory damages of $500 per violation of the Indiana Deceptive Consumer Sales Act for all class members. *Id.* ¶ 41 and "WHEREFORE" after ¶ 51.

## II. THE REQUIREMENTS OF 28 U.S.C. § 1441 AND 1446 ARE MET.

11. *Timeliness.* A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). 4e Brands was served with the Complaint on August 24, 2020. Therefore, 4e Brands received a copy of the document from which it was ascertained that the case is removable, at the earliest, on August 24, 2020. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

12. *Removal to Proper Court.* The Action is pending in the Superior Court for St. Joseph County, which is within the Northern District of Indiana, South Bend Division, 28 U.S.C. § 94(a)(2). Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

13. *Procedural Requirements.* Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action. A true and correct copy of the Complaint and all papers served with the Complaint is attached hereto as **Exhibit A**. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for St. Joseph County in the state of Indiana. A copy will also be served on Plaintiff through her counsel of record in accordance with 28 U.S.C. § 1446(d).

14. No previous application has been made for the relief requested herein.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

15. Based on the allegations on the face of the Complaint, this court has original jurisdiction over this Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

16. "Congress enacted CAFA in 2005 'to facilitate adjudication of certain class actions in federal court.'" *Sabrina Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

17. CAFA provides for federal jurisdiction over any "class action" composed of 100 or more putative class members, where any member of the proposed class is a citizen of a state different from any defendant, and the amount-in-controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

18. Although 4e Brands denies that it is liable to any individual or that class treatment is appropriate for this case, as set forth below, removal is proper pursuant to 28 U.S.C. §§ 1332(d) and 1453 because (i) the State Court Action is an action between citizens of different states, (ii) on behalf of a putative class composed of more than 100 persons, and (iii) involves an amount-in-controversy exceeding $5,000,000.

    **A.  Minimal Diversity is Satisfied.**

19. CAFA's diversity requirement is satisfied so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20. Here, Plaintiff alleges that she "is a resident of the state of Indiana." Compl. ¶ 4. The purported class is similarly composed of Indiana residents. *Id.* ¶ 44(a).

21.     According to Plaintiff, 4e Brands is "organized and exist[s] under the laws of the state of Texas," with its principal office located in San Antonio. *Id.* ¶ 6. As Plaintiff recognizes elsewhere in her Complaint, 4e Brands is an LLC, so this Court must look to the citizenship of each of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

22.     As stated in the Declaration of Juan Carlos González Olvera ("González Olvera Decl."), filed herewith as **Exhibit B**, 4e Brands has just one member: 4e Global, S.A.P.I. de C.V. ("4e Global"), a corporation incorporated under the laws of Mexico and having its principal place of business in Mexico City.  González Olvera Decl. (Ex. B) ¶¶ 4, 5. *See* 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

23.     The minimal diversity requirement is therefore satisfied, because Plaintiff is a citizen of Indiana and 4e Brands is a citizen of Texas and its lone member, 4e Global is a citizen of Mexico.

### B.     The Proposed Class Has at Least 100 Members.

24.     Plaintiff does not allege the size of the purported class. However, as illustrated below, between March 2020 and July 2020 alone, at least 100,000 units of the Product (and up to 300,000 units) were distributed through retailers and other distributors in Indiana (González Olvera Decl. (Ex. B) ¶ 7), meaning the proposed class necessarily includes at least 100 members. That is, for the class to be capped at 99 members, even at the low end of the Product distribution range of 100,000 units, each member would need to have purchased 1,010 units of the Product. Such an inference is untenable. The class size requirement is satisfied. 28 U.S.C. § 332(d)(5)(B).

### C.     The Matter in Controversy Exceeds $5,000,000.

25.     CAFA requires that there be "more than $5 million, exclusive of interests and costs, in controversy in the aggregate." *Roppo*, 869 F.3d at 578. When a Plaintiff, as here, fails to allege

the amount-in-controversy, a defendant may establish the amount in controversy by providing "a good faith estimate that is 'plausible and adequately supported by the evidence.'" *Id.* at 579 (quoting *Bloomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)).

26.     It is estimated that, between March 2020 and July 2020 alone, *at least* 100,000 units of the Product were distributed through retailers and other distributors in Indiana. González Olvera Decl. (Ex. B) ¶ 7. The Complaint requests "damages of at least $500" for "each class member." Compl. ¶ 51. If just 10,001 individuals purchased a single unit of the Product (as Plaintiff did), *id.* ¶ 11, the matter in controversy would exceed $5,000,000 (10,001 individuals, accounting for 10,001 units, claiming $500 each). It is clear that the class must include *at least* that many individuals—the calculation above does not account for the thousands of other units of Product sold in the state. Even if each class member purchased multiple units—for illustrative purposes, say 10 units per class member—and were only eligible to receive $500 under the Indiana Deceptive Consumer Sales Act,[1] the amount-in-controversy would quickly far exceed the $5,000,000.[2]

27.     Given the volume of the Product sold in the state, the fact that the purported class includes all Indiana residents who purchased the Product within two years prior to August 11,

---

[1] Defendant is not claiming to interpret the statute in this Notice. These numbers are solely for the purpose of establishing the amount in controversy.

[2] 4e Brands reserves the right to introduce additional evidence with respect to the amount in controversy—and any other element herein—if and as it becomes necessary. *See Dart*, 135 S. Ct. at 554 ("Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); *id*. at 551 ("A statement 'short and plain' [of the grounds for removal] need not contain evidentiary submissions."); *id*. at 553–54 ("If the plaintiff contests the defendant's allegation [as to the amount in controversy] . . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.") (*citing* 28 U.S.C. §1446(c)(2)(B)).

2020, and the amount of statutory damages requested, the amount-in-controversy requirement is necessarily satisfied. 28 U.S.C. § 1332(d)(2).

28. By filing this Notice of Removal, 4e Brands does not admit to any of the allegations in the Complaint or any related matters, including without limitation, (a) liability for the merits of Plaintiff's claims, or (b) the propriety of the class action mechanism and/or the certification of a class action in this matter. 4e Brands reserves any and all defenses to the claims and allegations asserted against it in the State Court Action, all of which it disputes and denies. This Notice of Removal is filed without prejudice to the exercise of any such rights.

WHEREFORE, Defendant 4e Brands respectfully removes this action, now pending in the Superior Court of St. Joseph County in the state of Indiana, to the United States District Court for the Northern District of Indiana, South Bend Division.

DATED: September 22, 2020

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Scott B. Cockrum
Scott B. Cockrum (20840-45)
2211 Main Street, Suite 3-2A
Highland, IN 46322
T:219-440-0602/F: 219.440.0601
Scott.Cockrum@lewisbrisbois.com
COUNSEL FOR DEFENDANT 4E BRANDS
NORTH AMERICA, LLC