| STATE OF INDIANA | ) | IN THE ST. JOSEPH SUPERIOR/CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| ST. JOSEPH COUNTY | ) | CAUSE NO: 71_____-2008-C\_\_\_-_____ |

**71D05-2008-CT-000283**

MELODY CALLANTINE, on behalf of herself, )
her minor children K.C. and L.C., and all others )
similarly situated, )
)
      Plaintiffs, )
)
  v. )
)
4E BRANDS NORTH AMERICA, LLC, )
)
      Defendant. )

## CLASS ACTION COMPLAINT

The plaintiff, Melody Callantine ("Ms. Callantine"), on behalf of herself, her minor children K.C. and L.C., and all others similarly situated, by counsel, for her Class Action Complaint against the defendant, 4e Brands North America, LLC ("4e Brands"), states as follows:

### NATURE OF THE ACTION

1. The plaintiff brings this class action to secure redress for the acts of 4e Brands in placing defective hand sanitizer into the stream of commerce containing the poisonous chemical methanol and for misrepresentations on its packaging related to the active ingredients in and effectiveness of the hand sanitizer pursuant to the Indiana Products Liability Act, Ind. Code §§ 34-20-2-1, *et seq.*, and the Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1, *et seq.*

### VENUE AND JURISDICTION

2. This Court has jurisdiction pursuant to Ind. R. Trial P. 4.4 because 4e Brands does business and furnished goods in the state of Indiana.

EXHIBIT A

3. Venue is proper in St. Joseph County as the county in which one or more individual plaintiffs reside.

## PARTIES

4. Ms. Callantine is a resident of the state of Indiana who resides at 312 E. Louis Street, Osceola, St. Joseph County, Indiana 46561.

5. K.C. is the ten-year-old minor son of Ms. Callantine. L.C. is the six-year-old minor daughter of Ms. Callantine.

6. 4e Brands is a for-profit corporation organized and existing under the laws of the state of Texas with a principal office located at 17806 West Interstate 10, Suite 300, San Antonio, Texas 78257-8222.

7. 4e Brands manufactures, distributes, and sells products in the personal, home, and animal care markets, including hand sanitizer.

## FACTS SUPPORTING ALL CAUSES OF ACTION

8. 4e Brands manufactures, distributes, and sells Blumen Hand Sanitizer throughout the state of Indiana, including at Costco Wholesale retail locations.

9. Among other things, the Blumen Hand Sanitizer packaging states that its active ingredient is seventy percent (70%) Ethyl Alcohol. It also contains representations about the sanitizer, such as "KILLS UP TO 99.9% OF GERMS" and "ETHYL ALCOHOL 70%."

10. Ethyl Alcohol, or ethanol, is a grain-based alcohol that is commonly used as an active ingredient in hand sanitizer. Ethyl alcohol is generally considered a safe substance that is used in a variety of other applications, including cosmetics, beer, liquor, and even food.

11. In or around July of 2020, Ms. Callantine purchased a 33.8 ounce bottle of Blumen Hand Sanitizer at the Costco Wholesale retail location in Mishawaka, Indiana. She

purchased the hand sanitizer to protect her family against germs, and particularly the virus Coronavirus Disease 2019 (COVID-19).

12. Ms. Callantine and her family subsequently kept the Blumen Hand Sanitizer near the door at their home and used about half of the bottle in its intended manner for cleaning, disinfection, and hand hygiene to protect against the spread of viruses and other germs. After using the product, K.C. and L.C. had severe side effects, including headaches and vomiting.

13. Food and Drug Administration ("FDA") testing of Blumen Hand Sanitizer conducted around early July of 2020 discovered that the sanitizer contained methanol, or wood alcohol, and lower levels of ethyl alcohol than suggested on the packaging. Methanol is a volatile, highly flammable alcohol that is commonly used to create fuel, solvents, and antifreeze. Unlike ethyl alcohol, it is poisonous to humans.

14. As a result, the FDA recommended that 4e Brands issue a recall and imposed an import ban on many Blumen products.

15. On or about July 16, 2020, 4e Brands initiated a voluntary recall of its Blumen Hand Sanitizer products. Ms. Callantine subsequently received a recall notice.

16. The recall notice states that Blumen products sold between May 11, 2020 and July 19, 2020 contain methanol. It further states that substantial methanol exposure can result in nausea, vomiting, headache, blurred vision, blindness, seizures, coma, and permanent damage to the nervous system or death. All persons who use the product are at risk for potential methanol poisoning. Young children, adolescents, and even adults who accidentally ingest these products are at most risk for methanol poisoning. An example of the recall notice is attached as Exhibit 1.

17. Upon information and belief, Blumen Hand Sanitizer has been sold to consumers throughout the state of Indiana containing methanol and misleading labeling.

18.     The plaintiff and class members have suffered concrete harm as a result of the actions of 4e Brands actions, including but not limited to aggravation, emotional distress, personal injury, and statutory damages.

## COUNT I:  DEFECTIVE PRODUCT

19.     The plaintiff incorporates and realleges the foregoing allegations of the Complaint as though fully set forth herein.

20.     Under the Indiana Products Liability Act, any person who places into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer is subject to liability for physical harm caused by that product to the user or consumer. Ind. Code § 34-20-2-1.

21.     A product is in a defective condition if, at the time it is conveyed by the seller to another party, it is in a condition:  (1) not contemplated by reasonable persons among those considered expected users or consumers of the product; and (2) that will be unreasonably dangerous to the expected user or consumer when used in reasonably expectable ways of handling or consumption.  Ind. Code § 34-20-4-1.

22.     The plaintiff and her minor children are "users or consumers" as those terms are used in the Indiana Products Liability Act.

23.     4e Brands is a "manufacturer or seller" as those terms are used in the Indiana Products Liability Act.

24.     4e Brands placed Blumen Hand Sanitizer into the stream of commerce by, among other things, selling and distributing the product to Costco Wholesale and other retailers in the state of Indiana.

25. The hand sanitizer was unreasonably dangerous for use as hand sanitizer because it contained methanol as an active ingredient, which is poisonous for human consumption, in lieu of or in addition to ethyl alcohol.

26. As a direct and proximate cause of the acts and omissions of 4e Brands, the plaintiff and her minor children suffered injuries, the effects of which could be permanent and lasting.

WHEREFORE, the plaintiff respectfully requests that the Court enter judgment in her favor and against the defendant, 4e Brands, as follows:  (a) awarding the plaintiff actual and statutory damages, including treble damages, in an amount to be determined at trial; (b) awarding the plaintiff her costs and reasonable attorney fees; and (c) awarding all other just and proper relief.

## COUNT II:  FAILURE TO WARN

27. The plaintiff incorporates and realleges the foregoing allegations of the Complaint as though fully set forth herein.

28. A product is also defective under the Indiana Products Liability Act if the seller fails to: (1) properly package or label the product to give reasonable warnings of danger about the product; or (2) give reasonably complete instructions on proper use of the product.  Ind. Code § 34-20-4-2.

29. 4e Brands failed to identify methanol as an active ingredient in its hand sanitizer, let alone provide reasonable warning to consumers that an active ingredient in its hand sanitizer is poisonous to humans and can cause severe and permanent injuries.

30. 4e Brands further failed to provide reasonably complete instructions on proper use of the product, to the extent any such uses exist.

31. As a direct and proximate cause of the acts and omissions of 4e Brands, the plaintiff suffered injuries, the effects of which could be permanent and lasting.

WHEREFORE, the plaintiff respectfully requests that the Court enter judgment in her favor and against the defendant, 4e Brands, as follows:  (a) awarding the plaintiff actual and statutory damages, including treble damages, in an amount to be determined at trial; (b) awarding the plaintiff her costs and reasonable attorney fees; and (c) awarding all other just and proper relief.

## COUNT III:  INDIANA DECEPTIVE CONSUMER SALES ACT

32. The plaintiff incorporates and realleges the foregoing allegations of the Complaint as though fully set forth herein.

33. Pursuant to the Indiana Deceptive Consumer Sales Act, a supplier who commits an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction violates the act.

34. The plaintiff is a "person" as that term is defined in Indiana Code § 24-5-0.5-2(a)(2).

35. 4e Brands is a "supplier" as that term is defined in Indiana Code § 24-5-0.5-2(a)(3).

36. The plaintiff acquired the Blumen Hand Sanitizer in a "consumer transaction" at a Costco Wholesale retail location as that term is defined in Indiana Code § 24-5-0.5-2(a)(1).

37. A supplier violates the Indiana Deceptive Consumer Sales Act when it engages in acts and representations as to the subject matter of a consumer transaction that constitute deceptive acts, which include that the product:  (a) has characteristics, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have; and (b) is of a

particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not.

38.     4e Brands violated the Indiana Deceptive Consumer Sales Act by, among other things, representing that the (a) hand sanitizer contained only ethyl alcohol as an active ingredient; (b) that the product contained 70% ethyl alcohol; (c) that the product did not contain methanol; and (d) that the product kills 99.99% of germs.

39.     These deceptive acts are incurable because, among other reasons, the plaintiff relied upon them when purchasing the hand sanitizer and consumed the product in reliance upon the deceptive acts, resulting in personal injury.

40.     As a direct and proximate cause of the acts and omissions of 4e Brands, the plaintiff suffered actual damages, including personal injuries, the effects of which could be permanent and lasting.

41.     The Indiana Deceptive Consumer Sales Act permits the plaintiff to recover her actual damages or statutory damages of $500.00 per violation, whichever is greater, and attorneys' fees, along with treble damages for willful acts.

42.     An award of treble damages is appropriate because the acts of 4e Brands were willful and showed a reckless disregard for the rights of the plaintiff.

WHEREFORE, the plaintiff respectfully requests that the Court enter judgment in her favor and against the defendant, 4e Brands, as follows:  (a) declaring that the practices of 4e Brands are unlawful and violate the Indiana Deceptive Practices Act; (b) awarding the plaintiff actual and statutory damages, including treble damages, in an amount to be determined at trial; (c) awarding the plaintiff her costs and reasonable attorney fees; and (d) awarding all other just and proper relief.

## COUNT IV:  CLASS ACTION CLAIMS

43. The plaintiff incorporates and realleges the foregoing allegations of the Complaint as though fully set forth herein.

44. The plaintiff brings these claims on behalf of a class pursuant to Ind. R. Trial P. 23, consisting of (a) all Indiana residents, (b) who, within two years of the filing of this action, (c) purchased any type of Blumen Hand Sanitizer, (d) placed into the stream of commerce by 4e Brands or its affiliates or related companies, (e) that contained methanol as an active ingredient.

45. Upon information and belief, and based upon the nature of the distribution of Blumen Hand Sanitizer to Costco Wholesale retail locations and other retailers, the class is so numerous that joinder of all members is impractical.

46. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include (a) whether 4e Brands placed products into the stream of commerce containing methanol as an active ingredient; (b) whether 4e Brands falsely represented that the products contained 70% ethyl alcohol; (c) whether 4e Brands failed to warn consumers that its products contained methanol as an active ingredient; and (d) whether the representations made by 4e Brands on its packaging violated the Indiana Deceptive Consumer Practices Act.

47. The claims of the plaintiff are typical of the claims of the class members because, among other things, all of the class members purchased Blumen Hand Sanitizer products containing methanol and packaging with deceptive representations and therefore are entitled to actual and statutory damages.

48. The plaintiff will fairly and adequately protect the interests of the class.

49. The questions of law or fact common to the members of the class set forth above predominate over any questions affecting only individual members.

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

51. The plaintiff has retained counsel with experience litigating class actions, product liability claims, and claims involving unlawful business practices. Neither the plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against the defendant, 4e Brands, as follows: (a) certifying a class action as set forth above; (b) awarding each class member damages of at least $500.00 and treble damages; (c) awarding costs and reasonable attorneys' fees; and (d) awarding all other just and proper relief.

Respectfully submitted,

PFEIFER MORGAN & STESIAK

Douglas E. Sakaguchi (20352-71)
Ryan G. Milligan (28691-71)
PFEIFER MORGAN & STESIAK
53600 North Ironwood Drive
South Bend, Indiana 46635
Telephone: (574) 272-2870
Fax: (574) 271-4329
DSakaguchi@pilawyers.com
RMilligan@pilawyers.com
*Counsel for the plaintiffs.*



## VOLUNTARY DRUG RECALL

Dear Costco Member,

Costco's records indicate you purchased item # 1876544, Blumen Hand Sanitizer 33.8 oz. between May 11, 2020 and July 19, 2020.

 

In conjunction with the U.S. Food and Drug Administration, 4E Brands has expanded its recall to include ALL lot codes of this product due to the potential presence of methanol (wood alcohol).

Substantial methanol exposure could result in nausea, vomiting, headache, blurred vision, permanent blindness, seizures, coma, and permanent damage to the nervous system or death. Although all persons using these products on their hands are at risk, young children who accidentally ingest these products and adolescents and adults who drink these products as an alcohol (ethanol) substitute, are most at risk for methanol poisoning

Please return any affected product to your local Costco for a full refund. We apologize for any inconvenience this may cause. Please contact 4E Brands at 1-888-843-0254 from 8:00am – 5:00pm EDT or 4EBrands8797@stericycle.com with questions.

Sincerely,

Jorge González Olvera
*Chief Executive Officer*
4e Brands North America, LLC

**Exhibit 1**