UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MELODY CALLANTINE, on behalf of herself, her minor children K.C. and L.C., and all others similarly situated,   )<br>)<br>)<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>)<br>4E BRANDS NORTH AMERICA, LLC,   )<br>)<br>Defendant.   ) | Case No.: 3:20-cv-00801-DRL-MGG |

## DEFENDANT 4E BRANDS NORTH AMERICA, LLC'S
## ANSWER TO CLASS ACTION COMPLAINT

For its answer to the Class Action Complaint ("Complaint") filed by plaintiff Melody Callantine (on behalf of herself, her minor children K.C. and L.C., and all others similarly situated) ("plaintiff"), defendant 4E Brands North America, LLC ("4E Brands") on behalf of itself only and no other entity, denies, admits, and avers as follows:

### Nature of the Action

1.      The plaintiff brings this class action to secure redress for the acts of 4e Brands in placing defective hand sanitizer into the stream of commerce containing poisonous chemical methanol and for misrepresentations on its packaging related to the active ingredients in and effectiveness of the hand sanitizer pursuant to the Indiana Products Liability Act, Ind. Code §§ 34-20-2-1, *et seq.*, and the Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1, *et seq.*

**ANSWER:**    For its answer to paragraph 1, 4E Brands admits and avers that plaintiff purports to bring a class action that seeks redress under Indiana Products Liability Act, Ind. Code §§ 34-20-2-1, *et seq.*, and the Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1, *et*

*seq.*, arising out of plaintiff's purported purchase and use of certain hand sanitizer products distributed by 4E Brands.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 1.

## **Venue and Jurisdiction**

2.      This Court has jurisdiction pursuant to Ind. R. Trial P. 4.4 because 4e Brands does business and furnished goods in the state of Indiana.

**ANSWER:**    For its answer to paragraph 2, 4E Brands states that this allegation is no longer applicable in light of the removal of this case to the United States District Court for the Northern District of Indiana.  To the extent a response is required, however, 4E Brands admits and avers that at the time this action was filed and prior to removal, the State of Indiana, In the St. Joseph Superior/Circuit Court had jurisdiction over this action.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 2.

3.      Venue is proper in St. Joseph County as the county in which one or more individual plaintiffs reside.

**ANSWER:**    In light of its removal of the action to Federal Court, 4E Brands denies the allegations in paragraph 3.

## **Parties**

4.      Ms. Callantine is a resident of the state of Indiana who resides at 312 E. Louis Street, Osceola, St. Joseph County, Indiana 46561.

**ANSWER:**    4E Brands lacks sufficient information and knowledge to admit or deny the averments in paragraph 4, and on that basis denies each and every averment contained therein.

5.      K.C. is the ten-year-old minor son of Ms. Callantine.  L.C. is the six-year-old minor daughter of Ms. Callantine.

**ANSWER:**   4E Brands lacks sufficient information and knowledge to admit or deny the averments in paragraph 5, and on that basis denies each and every averment contained therein.

6.      4e Brands is a for-profit corporation organized and existing under the laws of the state of Texas with a principal office located at 17806 West Interstate 10, Suite 300, San Antonio, Texas 78257-8222.

**ANSWER:**   For its answer to paragraph 6, 4E Brands admits and avers that it is a Texas corporation headquartered in Texas.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 6.

7.      4e Brands manufactures, distributes, and sells products in the personal, home, and animal care markets, including hand sanitizer.

**ANSWER:**   For its answer to paragraph 7, 4E Brands admits and avers that it distributes various products, including certain hand sanitizer products.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 7.

<u>**Facts Supporting All Causes of Action**</u>

8.      4e Brands manufactures, distributes, and sells Blumen Hand Sanitizer throughout the state of Indiana, including at Costco Wholesale retail locations.

**ANSWER:**   For its answer to paragraph 8, 4E Brands admits and avers that it distributes Blumen brand hand sanitizer in the state of Indiana (indirectly, through various distribution channels), and that at various times, these sanitizers have been sold through various retail outlets including Costco Wholesale retail locations.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 8.

9.     Among other things, the Blumen Hand Sanitizer packaging states that its active ingredient is seventy percent (70%) Ethyl Alcohol.  It also contains representations about the sanitizer, such as "KILLS UP TO 99.9% OF GERMS" and "ETHYL ALCOHOL 70%."

**ANSWER:**     For its answer to paragraph 9, 4E Brands admits and avers that plaintiff purports to recite certain representations that allegedly were made on Blumen Hand Sanitizer packaging, and that the referenced packaging is the best evidence of its contents.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 9.

10.     Ethyl Alcohol, or ethanol, is a grain-based alcohol that is commonly used as an active ingredient in hand sanitizer.  Ethyl alcohol is generally considered a safe substance that is used in a variety of other applications, including cosmetics, beer, liquor, and even food.

**ANSWER:**     For its answer to paragraph 10, 4E Brands admits and avers that ethyl alcohol is an ingredient used in its hand sanitizer products.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 10.

11.     In or around July of 2020, Ms. Callantine purchased a 33.8 ounce bottle of Blumen Hand Sanitizer at the Costco Wholesale location in Mishawaka, Indiana.  She purchased the hand sanitizer to protect her family against germs, and particularly the virus Coronavirus Disease 2019 (COVID-19).

**ANSWER:**     4E Brands lacks sufficient information and knowledge to admit or deny the averments in paragraph 11, and on that basis denies each and every averment contained therein.

12.     Ms. Callantine and her family subsequently kept the Blumen Hand Sanitizer near the door at their home and used about half of the bottle in its intended manner for cleaning, disinfection, and hand hygiene to protect against the spread of viruses and other germs.  After using the product, K.C. and L.C. has severe side effects, including headaches and vomiting.

**ANSWER:**   4E Brands lacks sufficient information and knowledge to admit or deny the averments in paragraph 12, and on that basis denies each and every averment contained therein.

13.   Food and Drug Administration ("FDA") testing of Blumen Hand Sanitizer conducted around early July of 2020 discovered that the sanitizer contained methanol, or wood alcohol, and lower levels of ethyl alcohol than suggested on the packaging.  Methanol is a volatile, highly flammable alcohol that is commonly used to create fuel, solvents, and antifreeze.  Unlike ethyl alcohol, it is poisonous to humans.

**ANSWER:**   For its answer to paragraph 13, 4E Brands specifically denies that the FDA tested Blumen Hand Sanitizer in early July 2020, that this FDA testing revealed "that the sanitizer contained methanol, or wood alcohol, and lower levels of ethyl alcohol than suggested on the packaging," or that any of the product lots that the FDA tested ever entered the marketplace.  4E brands admits and avers that the FDA findings plaintiffs purport to quote or characterize are the best evidence of their contents.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 13.

14.   As a result, the FDA recommended that 4e Brands issue a recall and imposed an import ban on many Blumen products.

**ANSWER:**   For its answer to paragraph 14, 4E Brands admits and avers that plaintiff purports to reference and characterize certain "recommendations" made by the Food and Drug Administration and that these "recommendations" are the best evidence of their contents.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 14.

15.   On or about July 16, 2020, 4e Brands initiated a voluntary recall of its Blumen Hand Sanitizer products.  Ms. Callantine subsequently received a recall notice.

**ANSWER:**    For its answer to paragraph 15, 4E Brands admits and avers that on or about July 11, 2020, it initiated a voluntary recall of certain lots of Blumen Hand Sanitizer products. Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 15.

16.    The recall notice states that Blumen products sold between May 11, 2020 and July 19, 2020 contain methanol.  It further states that substantial methanol exposure can result in nausea, vomiting, headache, blurred vision, blindness, seizures, coma, and permanent damage to the nervous system or death.  All persons who use the product are at risk for potential methanol poisoning.  Young children, adolescents, and even adults who accidentally ingest these products are at most risk of methanol poisoning.  An example of the recall notice is attached as Exhibit 1.

**ANSWER:**    For its answer to paragraph 16, 4E Brands denies that the recall notice plaintiffs reference states the hand sanitizer product actually "contains methanol" (the recall notice states the products are being recalled "due to possible contamination with methyl alcohol.")   4E Brands further admits and avers that the "recall notice" plaintiff purports to reference and characterize is the best evidence of its contents.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 16.

17.    Upon information and belief, Blumen Hand Sanitizer has been sold to consumers throughout the state of Indiana containing methanol and misleading labeling.

**ANSWER:**    4E Brands lacks sufficient information and knowledge to admit or deny the averments in paragraph 17, and on that basis denies each and every averment contained therein.

18.    The plaintiff and class members have suffered concrete harm as a result of the actions of 4e Brands actions, including but not limited to aggravation, emotional distress, personal injury, and statutory damages.

**ANSWER:**   4E Brands denies each and every allegation in paragraph 18.

### <u>Count I: Defective Product</u>

19.   The plaintiff incorporates and realleges the foregoing allegations of the Complaint as though fully set forth herein.

**ANSWER:**   For its answer to paragraph 19, 4E Brands refers to and incorporates by reference each of its responses to the preceding paragraphs in the Complaint.

20.   Under the Indiana Products Liability Act, any person who places into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer is subject to liability for physical harm caused by that product to the user or consumer.  Ind. Code § 34-20-2-1.

**ANSWER:**   Paragraph 20 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands admits and avers that plaintiff purports to reference and characterize the requirements of the Indiana Products Liability Act (Ind. Code § 34-20-2-1) ("Act"), and that the Act is the best evidence of its contents.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 20.

21.   A product is in a defective condition if, at the time it is conveyed by the seller to another party, it is in a condition: (1) not contemplated by reasonable persons among those considered expected users or consumers of the product; and (2) that will be unreasonably dangerous to the expected user or consumer when used in reasonably expectable ways of handling or consumption.  Ind. Code § 34-20-4-1.

**ANSWER:**   Paragraph 21 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands

admits and avers that plaintiff purports to reference and characterize the requirements of the Ind. Code § 34-20-4-1 and that the referenced code section is the best evidence of its contents.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 21.

22.     The plaintiff and her minor children are "users or consumers" as those terms are used in the Indiana Products Liability Act.

**ANSWER:**   Paragraph 22 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands denies each and every averment in paragraph 22.

23.     4e Brands is a "manufacturer or seller" as those terms are used in the Indiana Products Liability Act.

**ANSWER:**   Paragraph 23 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands denies each and every averment in paragraph 23.

24.     4e Brands placed Blumen Hand Sanitizer into the stream of commerce by, among other things, selling and distributing the product to Costco Wholesale and other retailers in the state of Indiana.

**ANSWER:**   For its answer to paragraph 24, 4E Brands admits and avers that it distributed through retailers certain Blumen Hand Sanitizer products to retailers in Indiana, including Costco Wholesale.  Except as expressly admitted and averred herein, 4E Brands lacks sufficient information and knowledge to admit or deny the remaining allegations in paragraph 24 and on that basis denies each and every averment contained therein.

25.     The hand sanitizer was unreasonably dangerous for use as hand sanitizer because it contained methanol as an active ingredient, which is poisonous for human consumption, in lieu of or in addition to ethyl alcohol.

**ANSWER:**     4E Brands denies the allegations in paragraph 25.

26.     As a direct and proximate cause of the acts and omissions of 4e Brands, the plaintiff and her minor children suffered injuries, the effects of which could be permanent and lasting.

**ANSWER:**     4E Brands denies the allegations in paragraph 26.

For its answer to the unnumbered paragraph immediately following paragraph 26 of the Complaint, 4E Brands admits and avers that plaintiff purports to seek the remedies set forth in this paragraph.  Except as expressly admitted and averred herein, 4E Brands denies the allegations in this unnumbered paragraph.

WHEREFORE, 4E Brands prays that the Court determine and adjudge:

a)  that this suit cannot be maintained as a class action;

b)  that the Complaint be dismissed on the merits;

c)  that plaintiffs take nothing by the Complaint;

d)  that 4E Brands be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

e)  that 4E Brands be awarded such other and further relief as the Court may deem proper.

DATED: October 27, 2020                    Respectfully submitted,

                                           LEWIS BRISBOIS BISGAARD & SMITH LLP


                              By:   /s/ Scott B. Cockrum
                                    Scott B. Cockrum (20840-45)
                                    2211 Main Street, Suite 3-2A
                                    Highland, IN 46322
                                    T:219-440-0602/F: 219.440.0601
                                    Scott.Cockrum@lewisbrisbois.com
                                    COUNSEL FOR DEFENDANT 4E BRANDS
                                    NORTH AMERICA, LLC


### Count II: Failure to Warn

27.     The plaintiff incorporates and realleges the foregoing allegations of the Complaint as though fully set forth herein.

**ANSWER:**    For its answer to paragraph 27, 4E Brands refers to and incorporates by reference each of its responses to the preceding paragraphs in the Complaint.

28.     A product is also defective under the Indiana Products Liability Act if the seller fails to: (1) properly package or label the product to give reasonable warnings of danger about the product; or (2) give reasonably complete instructions on proper use of the product.  Ind. Code § 34-20-4-2.

**ANSWER:**    Paragraph 28 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands admits and avers that plaintiff purports to reference and characterize the requirements of the Indiana Products Liability Act (Ind. Code § 34-20-4-2) ("Prod. Act"), and that the Prod. Act is the best evidence of its contents.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 28.

29.     4e Brands failed to identify methanol as an active ingredient in its hand sanitizer, let alone provide reasonable warning to consumers that an active ingredient in its hand sanitizer is poisonous to humans and can cause severe and permanent injuries.

**ANSWER:**     4E Brands denies the allegations in paragraph 29.

30.     4e Brands further failed to provide reasonably complete instructions on proper use of the product, to the extent any such uses exist.

**ANSWER:**     4E Brands denies the allegations in paragraph 30.

31.     As a direct and proximate result of the acts and omissions of 4e Brands, the plaintiff suffered injuries, the effects of which could be permanent and lasting.

**ANSWER:**     4E Brands denies the allegations in paragraph 31.

For its answer to the unnumbered paragraph immediately following paragraph 31 of the Complaint, 4E Brands admits and avers that plaintiff purports to seek the remedies set forth in this paragraph.  Except as expressly admitted and averred herein, 4E Brands denies the allegations in this unnumbered paragraph.

WHEREFORE, 4E Brands prays that the Court determine and adjudge:

a)  that this suit cannot be maintained as a class action;

b)  that the Complaint be dismissed on the merits;

c)  that plaintiffs take nothing by the Complaint;

d)  that 4E Brands be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

e)  that 4E Brands be awarded such other and further relief as the Court may deem proper.

DATED: October 27, 2020                    Respectfully submitted,

                                           LEWIS BRISBOIS BISGAARD & SMITH LLP


                                 By:   /s/ Scott B. Cockrum
                                       Scott B. Cockrum (20840-45)
                                       2211 Main Street, Suite 3-2A
                                       Highland, IN 46322
                                       T:219-440-0602/F: 219.440.0601
                                       Scott.Cockrum@lewisbrisbois.com
                                       COUNSEL FOR DEFENDANT 4E BRANDS
                                       NORTH AMERICA, LLC

### Count III: Indiana Deceptive Consumer Sales Act

32.      The plaintiff incorporates and realleges the foregoing allegations of the Complaint as though fully set forth herein.

**ANSWER:**   For its answer to paragraph 32, 4E Brands refers to and incorporates by reference each of its responses to the preceding paragraphs in the Complaint.

33.      Pursuant to the Indiana Deceptive Consumer Sales Act, a supplier who commits an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction violates the act.

**ANSWER:**   Paragraph 33 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands admits and avers that plaintiff purports to reference and characterize the requirements of the Indiana Deceptive Consumer Sales Act, and that this referenced law is the best evidence of its contents.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 33.

34.      The plaintiff is a "person" as that term is defined in Indiana Code § 24-5-0.5-2(a)(2).

**ANSWER:**   Paragraph 34 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands admits and avers that plaintiff purports to reference and characterize the requirements of the Ind. Code § 24-5-0.5-2(a)(2) and that this referenced code section is the best evidence of its contents. Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 34.

35.     4e Brands is a "supplier" as that term is defined in Indiana Code § 24-5-0.5-2(a)(3).

**ANSWER:**   Paragraph 35 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands admits and avers that plaintiff purports to reference and characterize the requirements of the Ind. Code § 24-5-0.5-2(a)(3) and that this referenced code section is the best evidence of its contents. Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 35.

36.     The plaintiff acquired the Blumen Hand Sanitizer in a "consumer transaction" at a Costco Wholesale retail location as that term is defined in Indiana Code § 24-5-0.5-2(a)(1).

**ANSWER:**   Paragraph 36 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands admits and avers that plaintiff purports to reference and characterize the requirements of the Ind. Code § 24-5-0.5-2(a)(1) and that this referenced code section is the best evidence of its contents. Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 36.

37.     A supplier violates the Indiana Deceptive Consumer Sales Act when it engages in acts and representations as to the subject matter of a consumer transaction that constitute deceptive

acts, which include that the product: (a) has characteristics, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have; and (b) is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not.

**ANSWER:**   Paragraph 37 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands admits and avers that plaintiff purports to reference and characterize the requirements of the Indiana Deceptive Consumer Sales Act and that this referenced law is the best evidence of its contents.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 37.

38.     4e Brands violated the Indiana Deceptive Consumer Sales Act by, among other things, representing that the (a) hand sanitizer contained only ethyl alcohol as an active ingredient; (b) that the product contained 70% ethyl alcohol; (c) that the product did not contain methanol; and (d) that the product kills 99.99% of germs.

**ANSWER:**   4E Brands denies the allegations in paragraph 38.

39.     These deceptive acts are incurable because, among other reasons, the plaintiff relied upon them when purchasing the hand sanitizer and consumed the product in reliance upon the deceptive acts, resulting in personal injury.

**ANSWER:**   4E Brands denies the allegations in paragraph 39.

40.     As a direct and proximate cause of acts and omissions of 4e Brands, the plaintiff suffered actual damages, including personal injuries, the effects of which could be permanent and lasting.

**ANSWER:**   4E Brands denies the allegations in paragraph 40.

41.     The Indiana Deceptive Consumer Sales Act permits the plaintiff to recover her actual damages or statutory damages of $500.00 per violation, whichever is greater, and attorneys' fees, along with treble damages for willful acts.

**ANSWER:**     Paragraph 41 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands admits and avers that plaintiff purports to reference and characterize the requirements of the Indiana Deceptive Consumer Sales Act and that that this referenced law is the best evidence of its contents.  Except as expressly admitted and averred herein, 4E Brands denies each and every averment in paragraph 41.

42.     An award of treble damages is appropriate because the acts of 4e Brands were willful and showed a reckless disregard for the rights of the plaintiff.

**ANSWER:**     4E Brands denies the allegations in paragraph 42.

For its answer to the unnumbered paragraph immediately following paragraph 42 of the Complaint, 4E Brands admits and avers that plaintiff purports to seek the remedies set forth in this paragraph.  Except as expressly admitted and averred herein, 4E Brands denies the allegations in this unnumbered paragraph.

WHEREFORE, 4E Brands prays that the Court determine and adjudge:

a)   that this suit cannot be maintained as a class action;

b)   that the Complaint be dismissed on the merits;

c)   that plaintiffs take nothing by the Complaint;

d)   that 4E Brands be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

e)   that 4E Brands be awarded such other and further relief as the Court may

deem proper.

DATED: October 27, 2020                    Respectfully submitted,

                                           LEWIS BRISBOIS BISGAARD & SMITH LLP


                                    By:    /s/ Scott B. Cockrum
                                           Scott B. Cockrum (20840-45)
                                           2211 Main Street, Suite 3-2A
                                           Highland, IN 46322
                                           T:219-440-0602/F: 219.440.0601
                                           Scott.Cockrum@lewisbrisbois.com
                                           COUNSEL FOR DEFENDANT 4E BRANDS
                                           NORTH AMERICA, LLC

### Count IV: Class Action Claims

43.     The plaintiff incorporates and realleges the foregoing allegations of the Complaint as though fully set forth herein.

**ANSWER:**   For its answer to paragraph 43, 4E Brands refers to and incorporates by reference each of its responses to the preceding paragraphs in the Complaint.

44.     The plaintiff brings these claims on behalf of a class pursuant to Ind. R. Trial P. 23, consisting of (a) all Indiana residents, (b) who, within two years of the filing of this action, (c) purchased any type of Blumen Hand Sanitizer, (d) placed into the stream of commerce by 4e Brands or its affiliates or related companies, (e) that contained methanol as an active ingredient.

**ANSWER:**   For its answer to paragraph 44, 4E Brands admits and avers that plaintiff purports to assert putative class claims.  Except as expressly admitted and averred herein, 4E Brands denies the allegations in paragraph 44.

45.     Upon information and belief, and based upon the nature of the distribution of Blumen Hand Sanitizer to Costco Wholesale retail locations and other retailers, the class is so numerous that joinder of all members is impractical.

**ANSWER:**   Paragraph 45 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands denies the allegations in paragraph 45.

46.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include (a) whether 4e Brands placed products into the stream of commerce containing methanol as an active ingredient; (b) whether 4e Brands falsely represented that the products contained 70% ethyl alcohol; (c) whether 4e Brands failed to warn consumers that its products contained methanol as an active ingredient; and (d) whether the presentations made by 4e Brands on its packaging violated the Indiana Deceptive Consumer Practices Act.

**ANSWER:**   Paragraph 46 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands denies the allegations in paragraph 46.

47.     The claims of the plaintiff are typical of the claims of the class members because, among other things, all of the class members purchased Blumen Hand Sanitizer products containing methanol and packaging with deceptive representations and therefore are entitled to actual and statutory damages.

**ANSWER:**   Paragraph 47 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands denies the allegations in paragraph 47.

48.     The plaintiff will fairly and adequately protect the interests of the class.

**ANSWER:**   Paragraph 48 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands denies the allegations in paragraph 48.

49.     The questions of law or fact common to the members of the class set forth above predominate over any questions affecting only individual members.

**ANSWER:**   Paragraph 49 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands denies the allegations in paragraph 49.

50.     A class action is superior to other available methods for the fair and efficient adjudication of the controversary.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

**ANSWER:**   Paragraph 50 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands denies the allegations in paragraph 50.

51.     The plaintiff has retained counsel with experience litigating class actions, product liability claims, and claims involving unlawful business practices.  Neither the plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:**   Paragraph 51 purports to state a legal conclusion, and not a factual allegation to which a response is required.  To the extent a response may be required, 4E Brands denies the allegations in paragraph 51.

For its answer to the unnumbered paragraph immediately following paragraph 51 of the Complaint, 4E Brands admits and avers that plaintiff purports to seek the remedies set forth in this paragraph.  Except as expressly admitted and averred herein, 4E Brands denies the allegations in this unnumbered paragraph.

WHEREFORE, 4E Brands prays that the Court determine and adjudge:

a)   that this suit cannot be maintained as a class action;

b)   that the Complaint be dismissed on the merits;

c)   that plaintiffs take nothing by the Complaint;

d)   that 4E Brands be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

e)   that 4E Brands be awarded such other and further relief as the Court may deem proper.

DATED: October 27, 2020                    Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   /s/ Scott B. Cockrum
        Scott B. Cockrum (20840-45)
        2211 Main Street, Suite 3-2A
        Highland, IN 46322
        T:219-440-0602/F: 219.440.0601
        Scott.Cockrum@lewisbrisbois.com
        COUNSEL FOR DEFENDANT 4E BRANDS
        NORTH AMERICA, LLC

## DEMAND FOR JURY TRIAL

4E Brands demands a trial by jury for all claims so triable.

DATED: October 27, 2020                 Respectfully submitted,

                                        LEWIS BRISBOIS BISGAARD & SMITH LLP


                            By:   /s/ Scott B. Cockrum
                                  Scott B. Cockrum (20840-45)
                                  2211 Main Street, Suite 3-2A
                                  Highland, IN 46322
                                  T:219-440-0602/F: 219.440.0601
                                  Scott.Cockrum@lewisbrisbois.com
                                  COUNSEL FOR DEFENDANT 4E BRANDS
                                  NORTH AMERICA, LLC


## GENERAL DENIAL

4E Brands denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against 4E Brands upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims for damages or other relief are barred because plaintiff did not provide adequate notice or pre-suit notice.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and putative class members lack standing to assert claims relating to products they did not purchase.

### FOURTH AFFIRMATIVE DEFENSE

The asserted claims are barred to the extent plaintiff and putative class members did not sustain any legal injury.

### FIFTH AFFIRMATIVE DEFENSE

Any claim for damages, restitution, or other monetary recovery by plaintiff or on behalf of persons claimed to be members of the purported classes must be offset and reduced by the value received from the products purchased.

### SIXTH AFFIRMATIVE DEFENSE

Because plaintiff and putative class members seek to recover payments made voluntarily and deliberately, with knowledge or means of knowledge of all the material facts, their claims are barred by the voluntary payment doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of plaintiff and putative class members are time-barred, in whole or in part, under the applicable statute of limitations, statute of repose, or by the doctrines of waiver, estoppel, and/or laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members may be barred, in whole or in part, from recovery because they have made statements or taken actions which estop them from asserting their claims.

### NINTH AFFIRMATIVE DEFENSE

To the extent plaintiff or putative class members have alleged any damage, the sole and proximate cause of the alleged damage sustained by plaintiffs or the putative classes results from the actions, inactions or negligence, in whole or in part, of persons other than 4E Brands for whose

actions, inactions or negligence, in whole or in part, 4E Brands is in no way liable.  Plaintiff and the putative classes are not, therefore, entitled to recover from 4E Brands in this action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members may be barred from recovery, in whole or in part, due to the intervening cause of another party.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members who abused or misused the products at issue are barred, in whole or in part, from recovery.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members who have received full remedies or otherwise have returned their product under the 4E Brand recall, or who otherwise destroyed or disposed of the allegedly defective products may be barred, in whole or in part, from recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members may be barred from recovery, in whole or in part, because, in this or other courts, they have brought actions and have received judgments, on parts of some or all claims asserted herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative classes may not seek equitable relief because they have an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of plaintiff and the putative classes are barred to the extent they have failed to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims of plaintiff and the putative classes are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, and/or other similar doctrines.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of plaintiff and the putative classes are barred, in whole or in part, by the doctrine of mootness.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of plaintiff and the putative classes are barred, in whole or in part, by their release of those claims.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, to the extent premised on a claimed safety-defect, are preempted or otherwise within the primary jurisdiction of actions taken or decisions made by the Food and Drug Administration..

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent plaintiff or putative class members sustained any damages caused by products distributed by 4E Brands, such product was intended for, and sold to, a knowledgeable and sophisticated user, over whom 4E Brands had no control or who was fully informed as to the risks and dangers, if any, associated with such product and the precautions, if any, required to avoid those risks and dangers.  By reason thereof, 4E Brands had no duty to warn or to further warn the knowledgeable users of the risks and dangers, if any, associated with the product.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The purported causes of action asserted in the Complaint are barred in whole or in part because plaintiff and putative class members were never in privity of contract with 4E Brands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

4E Brands presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses that govern the claims asserted by plaintiff and on behalf of persons claimed to be members of the purported classes. 4E Brands reserves the right to assert additional affirmative defenses as appropriate.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Under Indiana's Comparative Fault Act, certain non-parties may bear comparative fault as defined in the Act: **UREPAR S. DE R.L. DE C.V.** MONTE ALBAN, 311, NARVARTE, C.P. 03020, BENITO JUAREZ, MEXICO; **CECILIO YAMIL OROZCO URIBE** AV. BOSQUE DE MINAS NO. 55, INT. 902, TORRE B, COL. BOSQUES DE LA HERRADURA, HUIXQUILUCAN ESTADO DE MEXICO, C.P. 52783, MEXICO; **PRESTA AYUDA FEPA SA DE CV** CALLE LUCERNA #62 INT 603 CUAUHTEMOC, JUAREZ, CP 06600, MEXICO.

WHEREFORE, 4E Brands prays that the Court determine and adjudge:

a) that this suit cannot be maintained as a class action;

b) that the Complaint be dismissed on the merits;

c) that plaintiffs take nothing by the Complaint;

d) that 4E Brands be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

e) that 4E Brands be awarded such other and further relief as the Court may deem proper.

DATED: October 27, 2020                     Respectfully submitted,

                                            LEWIS BRISBOIS BISGAARD & SMITH LLP


                                  By:   /s/ Scott B. Cockrum
                                        Scott B. Cockrum (20840-45)
                                        2211 Main Street, Suite 3-2A
                                        Highland, IN 46322
                                        T:219-440-0602/F: 219.440.0601
                                        Scott.Cockrum@lewisbrisbois.com
                                        COUNSEL FOR DEFENDANT 4E BRANDS
                                        NORTH AMERICA, LLC

## <u>CERTIFICATE OF SERVICE</u>

      I certify that on the 27th day of October, 2020, a copy of the foregoing document was filed electronically via Efile.incourts.gov.  Notice of this filing will be sent to all Counsel of Record via the Court's electronic filing system.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    s/ Scott B. Cockrum
         Scott B. Cockrum